## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

JUDITH HENRY,                  )
                                      )
             Plaintiff,        )     CIV. NO.: 10-CV-00023
        v.                )
                                        )
HYANNIS AIR SERVICES, INC. D/B/A    )
CAPE AIR, GOLF CAR COMPANY X     )
                                        )
            Defendants.     )
_____)

## <u>MEMORANDUM OPINION</u>

Finch, Senior Judge

THIS MATTER is before the Court on the motion of defendant Hyannis Air Services, Inc., D/B/A Cape Air ("Cape Air") to dismiss this action, pursuant to Rule 12(b)(6), or in the alternative, to require a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure. The motion is unopposed by plaintiff Judith Henry ("Henry").

### I.

Henry brought this action in the Superior Court of the Virgin Islands on December 17, 2009. (Civil No. STX-2009-599.) On April 5, 2010, Cape Air filed a notice of removal in this Court pursuant to 28 U.S.C. §§ 1331, 1441 and 1446 on the basis that Henry alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.[1] The instant motion to dismiss was filed shortly thereafter on April 8, 2010. Henry has not responded to the motion or the notice of removal.

Cape Air argues that the complaint should be dismissed because Henry fails to state a claim under Title VII. Alternatively, Cape Air contends that the facts alleged do not provide

---

[1] Cape Air, having been served on March 15, 2010, timely filed its notice of removal within 30 days of service. *See* 28 U.S.C. § 1446(b).

sufficient clarity to allow Cape Air to mount a defense and thus defendant asks the Court to order Henry to provide a more definite statement.[2]

II.

To survive a motion to dismiss, a complaint must set forth sufficient factual allegations to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Plausibility is established when the facts recited allow the court to form the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. (*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948 (2009)). While the court accepts all well-pleaded facts as true, it disregards legal conclusions. *Id*. Accordingly, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Iqbal*, 129 S.Ct. at 1949). "The plausibility paradigm . . . applies with equal force to analyzing the adequacy of claims of employment discrimination." *Wilkerson v. New Media Technology Charter School, Inc.*, 522 F.3d 315, 322 (3d Cir.2008)).

III.

The following relevant facts, taken as true, are alleged in Henry's complaint. Henry is a black, West Indian citizen of the United States Virgin Islands. (Compl. ¶ 2.) At the time the incident giving rise to this lawsuit arose, she was employed by Cape Air as a ramp agent. On December 18, 2007, while operating a golf cart in performance of her duties, she was struck from behind by a golf cart driven by a co-worker. (*Id*. ¶¶ 6, 9, 11.) The co-worker indicated that the brakes failed when he or she attempted to stop the vehicle. (*Id*. ¶ 12.) Henry suffered injuries, which required a period of recovery. Henry received no worker's compensation benefits for her

---

[2] Rule 12(e) permits a party to move for a more definite statement of a pleading to which a responsive pleading is allowed when the pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The Court, while acknowledging that the facts alleged might support another legal claim, declines to ask Henry to supplement the complaint. It is not clear that any other theory asserted by Henry would form the basis for this Court to exert its jurisdiction.

injuries.   (*Id*. ¶ 15.) Subsequently, Cape Air told Henry told that there were currently no positions available for her, and she was discharged. (*Id*. ¶ 16.)

IV.

 Henry alleges violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. in connection with her discharge by Cape Air.  (Compl. ¶ 1.)  Title VII of the Civil Rights Act of 1964  provides, in pertinent part:

> (a)  It shall be an unlawful employment practice for an employer-
>
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . .

42 U.S.C. § 2000e-2(a).

In order to establish a claim under Title VII, the "plaintiff must carry the initial burden of offering evidence adequate to create an inference that an employment decision was based on a discriminatory criterion illegal under the Act." *E.E.O.C. v. Metal Service Co*.,  892 F.2d 341, 348 (3d Cir. 1990) (citations omitted).  To establish a prima facie case of discrimination, the plaintiff must show that: "(1) she is a member of a protected class; (2) she was qualified for the position in question; (3) she suffered an adverse employment action; and (4) that adverse employment action gives rise to an inference of unlawful discrimination." *Seeney v. Elwyn, Inc*.,  2011 WL 301109, at *2 (3d Cir. 2011) (citing *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981)).

The Court finds that Henry has failed to allege a single fact upon which to draw an inference of misconduct by Cape Air as set forth in Title VII.   All that the facts establish, read in the light most favorable to Henry, is that she was discharged while recovering from injuries incurred on the job.  While she has stated that she is black and West Indian, and that she suffered an adverse employment action, she has not recited any facts which allow the Court to draw the reasonable inference that racial animus or animus towards West Indians motivated Cape Air to discharge her.[3]   Accordingly, we find that the complaint has failed to state a claim against Cape Air.  An appropriate Order will issue in conjunction with this opinion.


Dated:  February 11, 2011


_____/s/_____
RAYMOND L. FINCH
SENIOR U.S. DISTRICT JUDGE

---

[3] The Court also notes that Henry has failed to establish that she exhausted her administrative remedies prior to filing her Title VII claim.  *Devine v. St. Luke's Hosp*.,  2011 WL 62836, at *2 (3d Cir. 2011)("Before a plaintiff can bring a Title VII action, she must exhaust her administrative remedies, typically by filing a charge with the EEOC and receiving from the EEOC a notice of the right to sue") (citing 42 U .S.C. § 2000e-5(e)(1); *Burgh v. Borough Council of the Borough of Montrose*, 251 F.3d 465, 470 (3d Cir.2001)). "Failure to exhaust administrative remedies . . . is a ground to dismiss a case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Id*. (citing  *Anjelino v. New York Times Co*., 200 F.3d 73, 87-88 (3d Cir.2000)).  Here, Henry makes no reference to having filed a claim with the EEOC and provides no right-to-sue letter.